UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

CARTER PITRE                                CIVIL ACTION

VERSUS                                      NO. 06-4504

TETRA TECHNOLOGIES, INC.                    SECTION "R"(4)
AND LINDER OIL COMPANY

                        **ORDER AND REASONS**

    Before the Court is defendant Linder Oil Company's unopposed motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  For the following reasons, the Court GRANTS Linder's motion.

**I.   BACKGROUND**

    Plaintiff Carter Pitre alleges in his complaint that he was a seaman employed by defendant Tetra Technologies, Inc.  On August 28, 2004, Pitre worked as a driller aboard the TETRA RIG NO. 8, a vessel allegedly owned and/or operated by defendants Tetra Technologies and Linder Oil Company.  Pitre asserts that, while acting within the course and scope of his employment and in service of the vessel, he sustained "severe and disabling

injuries when he fell from the tower of the rig to the rig floor." (R. Doc. 1). Pitre filed this maritime action against Tetra Technologies and Linder for maintenance and cure and damages caused by their negligence and/or the unseaworthiness of their vessel. At the time of the incident, Pitre was employed by Tetra.[1] Linder now moves for summary judgment on all of plaintiff's claims against it, asserting that, under Louisiana law, it had no legal duty to protect an employee of its contractor against risks encountered during the performance of contract work. Pitre did not file an opposition to this motion.

## II. LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a

---

[1] The Court notes that, although Pitre sued Tetra Technologies, Linder presents evidence that Pitre in fact worked for a separate Tetra entity, Tetra Applied Technologies, L.P. (R. Doc. 27, Def.'s Ex. B). For purposes of deciding this summary judgment motion, the distinction is of no consequence.

reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

    **A.**   **Choice of Law**

The Outer Continental Shelf Lands Act, 43 U.S.C. § 1333, *et seq.*, applies to this dispute because plaintiff was injured on a

fixed oil platform located on the Outer Continental Shelf, off the Louisiana coast.  The OCSLA directs the Court to apply the law of the state adjacent to the controversy to the extent not inconsistent with other federal laws and regulations.  *See* 43 U.S.C. § 1333(a)(2)(A); *Rodrigue v. Aetna Cas. and Sur. Co.*, 395 U.S. 352, 355 (1969).  The parties have not cited, and the Court has not found, any federal law that conflicts with Louisiana negligence principles applicable here.  Accordingly, the Court applies Louisiana law to this dispute.

### B. Linder's Liability for Alleged Negligent Acts of its Contractor

Under Louisiana law, a principal is not generally liable for any negligent acts committed by its independent contractor in the course of performing its contractual duties.  *See Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 549 (5th Cir. 1987); *see also Graham v. Amoco Oil Co.*, 21 F.3d 643, 645 (5th Cir. 1994).  Exceptions to this general rule exist in two circumstances.  A principal may be held liable when: (1) the independent contractor engages in an ultrahazardous activity; or (2) the principal retains "operational control" over its independent contractor.  *See id.*; *Ainsworth*, 892 F.2d at 549-50.  The Fifth Circuit has held that "drilling operations," such as those at issue here, do not constitute ultrahazardous activity.  *Id.* at 550.

4

Accordingly, the Court's analysis of Linder's liability for any negligent acts committed by its independent contractor is limited to whether Linder exercised operational control over the employees of Tetra.  The operational control inquiry focuses primarily on whether and to what extent the right to control work has been contractually reserved by the principal.  *See Coulter v. Texaco, Inc.*, 117 F.3d 909, 912 (5th Cir. 1997) (citations omitted); *Ainsworth*, 829 F.2d at 550.  Of less significance is the actual control exercised by the principal.  *See Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 193 (5th Cir. 1991) (*quoting Ham v. Pennzoil Co.*, 869 F.2d 840, 842 (5th Cir. 1989)); *Ainsworth*, 829 F.2d at 550-51 (*quoting Hemphill v. State Farm Ins. Co.*, 472 So.2d 320 (La. App. 3rd Cir. 1985)).

 Here, the Domestic Daywork Workover Contract between Linder and Tetra stated that Tetra's relationship to Linder was that of an independent contractor.  (R. Doc. 27, Def.'s Ex. A, at ¶ 106). It further stated: "Operator [Linder] shall exercise no control over the Contractor's [Tetra's] employees, servants, agents or representatives, nor those of its subcontractors, nor the methods or means employed by Contractor in the performance of such work or services, Operator being solely interested in the attainment of the desired results."  (*Id.*).  Finally, plaintiff has not presented any evidence that suggests El Paso issued an express or

implied order to either contractor to engage in an unsafe work practice that led to an injury.  *See Coulter*, 117 F.3d at 912.  By contrast, Linder asserts, without rebuttal from plaintiff, testimony that indicates no employee from Linder was present on TETRA RIG NO. 8 at the time of plaintiff's incident and that Linder was not involved in the day-to-day operations of its contractor.  (R. Doc. 27, Def.'s Ex. B).

In situations similar to this one, the Fifth Circuit has consistently held that the operational control exception does not apply.  *See Coulter*, 117 F.3d at 912; *Graham*, 21 F.3d at 646; *Ainsworth*, 829 F.2d at 551.  Therefore, to the extent that Linder's independent contractor may have been negligent in causing plaintiff's injuries, liability does not extend to Linder as the employer of the independent contractor.  In reaching this result, the Court need not address Linder's second argument, that it should not be held liable because of plaintiff's alleged negligence in causing the incident.

**IV.  CONCLUSION**

For the foregoing reasons, the Court GRANTS Linder's motion for summary judgment.

New Orleans, Louisiana, this <u>30th</u> day of July, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE