```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


CARTER PITRE                              CIVIL ACTION

VERSUS                                    NO. 06-4504

TETRA TECHNOLOGIES, INC.                  SECTION "R"(4)
AND LINDER OIL COMPANY
```

## ORDER AND REASONS

Before the Court is cross claimant Linder Oil Company's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  For the following reasons, the Court DENIES Linder's motion.

### I.   BACKGROUND

Plaintiff Carter Pitre alleges in his complaint that he was a seaman employed by defendant Tetra Technologies, Inc.  On August 28, 2004, Pitre worked as a driller aboard the TETRA RIG NO. 8, a vessel allegedly owned and/or operated by defendants Tetra Technologies and Linder Oil Company.  Pitre asserts that, while acting within the course and scope of his employment and in service of the vessel, he sustained "severe and disabling

injuries when he fell from the tower of the rig to the rig floor."  (R. Doc. 1).

Pitre filed this maritime action against Tetra Technologies and Linder for maintenance and cure and damages caused by their negligence and/or the unseaworthiness of their vessel.  Linder, in turn, filed a cross-claim against Tetra Technologies, asserting that a contract between Linder and Tetra Technologies requires Tetra Technologies to defend and indemnify Linder from claims for liability such as Pitre's.  Linder now moves for summary judgment on its cross-claim that it is entitled to indemnity and defense from Tetra Technologies.

**II.   LEGAL STANDARD**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor."  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249

(1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial.  *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

## III. DISCUSSION

This dispute turns on whether Tetra Technologies can be made to indemnify and defend Linder by virtue of a contract to which it was not a party.  Tetra Technologies asserts, and Linder concedes, that the named parties to the Domestic Daywork Workover Contract are Linder and an entity called Tetra Applied Technologies, L.P.  (*See* R. Doc. 25-11).  The contract states, in relevant part:

> Contractor shall be responsible for and hold harmless and indemnify Operator from and against all claims, demands and causes of action of every kind and character arising in connection herewith in favor of Contractor's Personnel or Contractor's invitees, on account of bodily injury, death or damage to property. . . .
>
> The parties intend and agree that the phrase "be responsible for and hold harmless and indemnify" in Paragraphs 901 through 909 hereof mean that the indemnifying party shall release, indemnify, hold harmless and defend (including payment of reasonable attorney's fees and costs of litigation) the indemnified party from and against any and all claims, demands, causes of action, damages, judgments and awards of any kind or character . . . .

(R. Doc. 25-5, at 10, 12).

Because the Domestic Daywork Workover Contract is a maritime contract, interpretation of its indemnity clause is governed by federal law. *See Corbitt v. Diamond M. Drilling Co.*, 654 F.2d 329, 332 (5th Cir. 1981). Unless the document is ambiguous, courts may not look beyond its written language to determine the intent of the parties. *Id.* at 332-33. At the same time, indemnification provisions must be strictly construed. *Smith v. Tenneco Oil Co.*, 803 F.2d 1386, 1388 (5th Cir. 1986). Importantly, an indemnification provision is construed to cover losses "which reasonably appear to have been within the contemplation of the parties, but it should not be read to impose liability for those losses or liabilities which are neither expressly within its terms nor of such a character that it can be

4

reasonably inferred that the parties intended to include them within the indemnity coverage." *Corbitt*, 654 F.2d at 333.

Here, the contract, in plain and unambiguous language, states in the first paragraph that it is made between Linder Oil Company and Tetra Applied Technologies. (R. Doc. 25-5, at 1). Furthermore, in response to Linder's summary judgment motion, Tetra Technologies offers the affidavit testimony of Alma Reyes, its senior counsel. Reyes avers that Tetra Technologies and Tetra Applied Technologies are "separate and distinct corporate entities." (R. Doc. 34-2). She further avers that Tetra Technologies "is not the owner or operator of TETRA RIG NO. 8" and that it "was not at any time the employer of Carter Pitre." (*Id.*). By contrast, Linder has not submitted to the Court any evidence that rebuts Reyes' assertions. In fact, Linder concedes in its reply brief that both its cross-claim and motion for summary judgment "incorrectly identify Tetra Technologies, Inc. as the entity that owes Linder a defense and indemnity. . . . As clearly evidenced by the contract . . . the proper Tetra entity that owes Linder defense and indemnity is Tetra Applied Technologies, L.P. . . . ." (R. Doc. 37, at 3). Nevertheless, Linder asks the Court to construe the indemnity provision in the Domestic Daywork Workover Contract as applying to a wholly separate corporate entity from the named parties to the

5

agreement. It does so based on appearances made by defendant's counsel in this matter, which have been on behalf of both Tetra Technologies and Tetra Applied Technologies. Whatever the reason for the dual appearances of the Tetra entities, it is clear, based on the summary judgment record before the Court, that the party named by Pitre as a defendant in this matter, Tetra Technologies, is not the same named party to the Domestic Daywork Workover Contract, Tetra Applied Technologies. The Court therefore cannot find that Linder is entitled to indemnity and defense from Tetra Technologies.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES Linder's motion for summary judgment on its claim for indemnity and defense.

New Orleans, Louisiana, this 31st day of July, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE